UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


UNITED STATES OF AMERICA       )
                               )
v.                             )       NO. 3:12-0737
                               )       JUDGE SHARP
RUTHERFORD COUNTY, TENNESSEE   )


<u>TEMPORARY RESTRAINING ORDER</u>

Pending before the Court is the United States' Motion For Entry of Temporary Restraining Order. The Motion asks this Court, among other things, to issue a Temporary Restraining Order ("TRO") enjoining Defendant to process the Islamic Center of Murfreesboro's request for a certificate of occupancy for the mosque on Veals Road by performing forthwith a final building inspection.

The Court held a hearing on the Motion on July 18, 2012, which was attended by counsel for all parties.[1]

For the reasons described below, the Motion is GRANTED on the terms and conditions stated herein.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006).

---

[1] Counsel for the Plaintiff in a related case, *Islamic Center of Murfreesboro, et al. v. Rutherford County, Tennessee*, Case No. 3-12-cv-0138, were also present and argued their position.

Based on the Motion, briefs, pleadings, representations of counsel and the entire record, the Court finds:

(1) Plaintiff has demonstrated a strong or substantial likelihood of success on the merits of its claims. The United States is authorized to bring this action to enforce the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, pursuant to 42 U.S.C. § 2000cc-2(f). The Court may grant injunctive relief pursuant to the statute[2] and may issue a federal injunction of state court proceedings because the Plaintiff in this Court is the United States. *Mitchum v. Foster*, 407 U.S. 225, 235-36 (1972). The Court also finds that abstention is not a bar to issuing this injunctive relief.

The Court finds that Plaintiff has carried its burden of showing that Defendant's compliance with the Orders of the Rutherford County Chancery Court in this dispute violates RLUIPA.[3] Compliance with the State Court's Orders imposes a heightened notice requirement regarding the mosque which substantially burdens the Islamic Center's free exercise of religion without a compelling governmental interest.[4]

---

[2]    "The United States may bring an action for injunctive or declaratory relief to enforce compliance with [RLUPIA]." 42 U.S.C. § 2000cc-2(f).

[3]    "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly or institution - -
            (A) is in furtherance of a compelling governmental interest; and
            (B) is the least restrictive means of furthering that compelling governmental interest."

42 U.S.C. § 2000cc(a)(1).

[4]    Counsel for Rutherford County represented at the hearing that the County's only compelling governmental interest is in the health and safety of the public.

Case 3:12-cv-00737   Document 7   Filed 07/18/12   Page 2 of 4 PageID #: 1197

(2) Plaintiff has demonstrated that the Islamic Center will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing. Specifically, the Court notes that the Supreme Court has held that injuries involving the deprivation of First Amendment rights are *per se* irreparable. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). In addition, Plaintiff has demonstrated that the mosque is necessary to accommodate the number of worshipers, especially during the holy season of Ramadan, which begins July 20th. The new building, which is ready to serve the community, eliminates the facilities problems, providing ample space for prayer, holiday celebrations, religious meetings and children's play.

(3) The balance of relative harms among the parties weighs in favor of an injunction under these circumstances. The harm to the Islamic Center, as indicated above, is irreparable. The Court finds that the harm to Rutherford County is minimal.

(4) The public interest will not be harmed by injunctive relief pending a preliminary injunction hearing. An injunction protecting RLUIPA rights and the Islamic Center's free exercise rights is in the public interest. Enforcement of the RLUIPA is in the public interest. Equal treatment of citizens under the law and the full expression of religious interests are also in the public interest. This injunction causes no harm to the public's interest in the orderly process of land use regulation.

Under the circumstances of this case, no bond is required.

For these reasons, the Court hereby enjoins Rutherford County, Tennessee, its officers, employees, agents, successors and others acting in concert and participation with it (collectively "Rutherford County"), to undertake the following actions, notwithstanding the orders of the Chancery Court of Tennessee Sixteenth Judicial District at Murfreesboro, of June 1, 2012 (*Estes, et al. v. Rutherford County Regional Planning Commission, et al.*, No. 10-cv-1443 (Chancery Court,

June 1, 2012)), and June 13, 2012 (*Fisher, et al. v. Rutherford County, et al.*, No. 12-cv-853 (Chancery Court, June 13, 2012)), and it is hereby ORDERED as follows:

1. The County shall process the Islamic Center of Murfreesboro's request for a certificate of occupancy for the mosque on Veals Road by performing forthwith a final building inspection; and

2. If the building complies with applicable codes and regulations, the County shall issue, on or before July 19, 2012, the certificate of occupancy for the mosque on Veals Road; if the County determines that the building does not comply with applicable codes and regulations, then the County shall immediately notify the Islamic Center of the specific deficiencies and shall promptly re-inspect the building after the Islamic Center informs the County that it has corrected the deficiencies.

This Temporary Restraining Order shall expire at midnight on the fourteenth day after its issuance. Any hearing on the Motion for Preliminary Injunction will be set by the Presiding Judge, pursuant to Administrative Order 177.

This Temporary Restraining Order is effective upon its issuance on July 18, 2012, at 5:30 p.m.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4